IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

WESTERN DIVISON

| | | |
|---|---|---|
| RONALD DOUGLAS WRIGHT, | ) | CASE NO. 3:26-cv-00205-JJH |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

**I.      Introduction**

Plaintiff Ronald Wright ("Wright") filed a complaint challenging the final decision of the Commissioner of the Social Security Administration, denying his application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq*. The court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before me pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. Wright has requested leave to proceed in forma pauperis ("IFP") in this matter. (ECF Doc. 2). For the reasons set forth below, I recommend that his IFP application be denied.

**II.      Background**

On January 27, 2026, Wright filed a complaint challenging the Commissioner's decision denying his application for supplemental security income ("SSI"). (ECF Doc. 1). Along with the complaint, Wright filed a motion to proceed IFP. (ECF Doc. 2). On the forms attached to his

1

application, Wright lists that he has no income of his own, and that his parents pay him $1,000.00 per month for expenses and pay his propane bill of roughly $416.67 per month. (ECF Doc. 2, pp. 1-2, 5). However, Wright also lists that he has $15,000.00 in a savings account and $65,000 in an investment account. (*Id.* at p. 2).

**III.    Law & Analysis**

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a)(1). A sufficient affidavit "demonstrates that one cannot, because of his or her poverty, afford to pay the costs of litigation and still provide for the necessities of life." *Laslau v. Comm'r of Soc. Sec.*, No. 16-CV-11372, 2016 WL 3406015, at *1 (E.D. Mich. June 21, 2016) (internal marks omitted). And "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.* Proceeding IFP is a privilege, not a right; it is within the court's discretion whether to allow a litigant to proceed IFP. *Id.*; *see also Laslau*, 2016 WL 3406015, at *1.

Here, Wright has presented that he has liquid assets in his savings and investment account totaling $80,000.00. (ECF Doc. 2, p. 2). He has monthly expenses of $2,099.20, and his parents provide additional support of $1,416.67 per month. (*Id.* at p. 5). Although his expenses exceed the financial support his parents provide, it appears that he owns his home and car and does not have any monthly loan payments for either. (*Id.* at pp. 3-4). Therefore, it would not work a hardship for him to pay the filing fee out of his savings or investment accounts.

IV.     **Conclusion**

Accordingly, I recommend that Wright's motion to proceed IFP (ECF Doc. 2) be denied and he be ordered to pay the filing fee. Should my recommendation be adopted, I further recommend that if Wright fails to pay the filing fee within two weeks of the court's adoption his case be dismissed. *See Laslau*, 2016 WL 3406015, at *2 (adopting a magistrate judge's recommendation that IFP be denied to a plaintiff who refused to provide his financial information and warning that, if the fee was unpaid, his case would be dismissed).

Dated: February 4, 2026

REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE


**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; see also 28 U.S.C. § 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  Berkshire v. Dahl, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." Howard v. Sec'y of Health and Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" Overholt v. Green, No. 1:17-CV-00186, 2018 U.S. Dist.

3

LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting Howard). The failure to assert specific objections may in rare cases be excused in the interest of justice. See United States v. Wandahsega, 924 F.3d 868, 878-79 (6th Cir. 2019).